STATE OF NORTH CAROLINA v. MARY BURGES

No. 738SC306

(Filed 23 May 1973)

1. **Homicide § 21— death by shooting — sufficiency of evidence**
   Evidence was sufficient to withstand motion for nonsuit in a murder case where it tended to show that the victim got into an argument with several customers in defendant's place of business and was ordered to leave, the victim left but shortly thereafter returned and got into an argument with defendant, the victim was ordered to leave the establishment for the second time and defendant shot him in the back as he was leaving.

2. **Criminal Law § 168— error in instructions — failure of defendant to show prejudice**
   Even if the trial court in a murder case erred in instructing the jury that they could take into the jury room with them several pictures which were introduced into evidence during the course of the trial, defendant failed to show how such error was prejudicial to her.

APPEAL by defendant from *Webb, Judge,* 25 September 1972 Session of LENOIR Superior Court.

By bill of indictment proper in form defendant was charged with the murder of Lawrence Richard Hicks, Jr., (Hicks). A jury found defendant guilty of voluntary manslaughter and from judgment imposing prison sentence of not less than two nor more than five years, defendant appealed.

*Attorney General Robert Morgan by Thomas Maddox, Jr., Associate Attorney, for the State.*

*Braswell, Strickland, Merritt & Rouse by David M. Rouse for defendant appellant.*

BRITT, Judge.

[1] Defendant assigns as error the failure of the court to grant her motions for nonsuit. The evidence, viewed in the light most favorable to the State, tended to show:

Defendant and her husband operated a tavern on South Queen Street in the City of Kinston. On the night of 12 November 1971 Hicks and several others were customers at the tavern. Hicks got into an argument with another customer, and defendant ordered him to leave. Hicks left but later returned, and he and defendant got into an argument. Defendant again ordered Hicks to leave and as he was leaving, defendant obtained a gun, went to the door and shot Hicks three times after he had gone out of the building. A postmortem examination revealed a hole in the back of Hicks' head and holes in his arm and side.

Defendant admitted the shooting but pleaded self-defense.

We hold that the evidence was sufficient to survive the motion for nonsuit.

[2] Next, defendant contends the court erred in instructing the jury that they could, if they wanted to, take into the jury room with them several pictures which were introduced into evidence during the course of the trial. Defendant concedes that the record does not disclose whether the jury actually took the pictures into the jury room. Assuming, but not deciding, that the court erred in this instruction, defendant has failed to show prejudice. It is well settled that the burden is on defendant not only to show error but also to show that the error was prej-

udicial to him. 3 Strong, N. C. Index 2d, Criminal Law, § 167, pp. 126, 127.

We have carefully considered the other assignments of error brought forward and argued in defendant's brief but find them to be without merit.

We hold that defendant received a fair trial, free from prejudicial error, and the sentence imposed is within the limits permitted by statute.

No error.

Judges MORRIS and VAUGHN concur.